***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERSEY CENTRAL POWER & LIGHT : <br> : <br> Appellant, : <br> : <br> : <br> v. : <br> : <br> : <br> MATTHEW DAVID BRESLOW : <br> : <br> Respondent. : <br> : <br> : | Case No. 12-cv-05425 (FLW) <br> Bankruptcy No. 12-1159 <br><br> **OPINION** |

**WOLFSON, United States District Judge:**

Appellant-Plaintiff Jersey Central Power & Light Company ("Creditor") appeals from the Bankruptcy Court's May 31, 2012 order granting Respondent-Appellant Matthew David Breslow's ("Debtor") Motion to Dismiss Plaintiff's Adversary Proceeding Complaint for Failure to State a Claim and the July 16, 2012 order denying Creditor's Motion for Reconsideration or in the Alternative for Leave to File an Amended Adversary Proceeding. On appeal, Creditor argues that the Bankruptcy Court abused its discretion in denying Creditor leave to file an amended adversary complaint. This Court has appellate jurisdiction to review the decision of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). For the reasons that follow, this Court will affirm the decision of the Bankruptcy Court.

I.     **FACTS & HISTORY**

The following facts are taken from Creditor's Adversary Complaint and are assumed as true for the purposes of this appeal.[1] On October 10, 2010, a vehicle owned and operated by Debtor collided with a utility pole owned by Creditor. Compl. at ¶¶ 4(e), 7. Debtor was intoxicated at the time of the collision. Id. at ¶ 9. The collision resulted in $46,935.75 in damage to Creditor's property. Id. at ¶ 4(h). Despite repeated requests by Creditor, Debtor failed to pay for the damage. Id. at ¶ 4(i). Creditor then filed an action against Debtor in the Superior Court of the State of New Jersey, and on December 9, 2011, default judgment was entered against Debtor Id. at ¶¶ 5-6.

Subsequently, on December 30, 2011, Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. Id. at ¶ 1. The Creditor then filed a timely adversary Complaint asserting that the debt resulting from Creditor's state court judgment against Debtor was non-dischargeable pursuant to §§ 523 (a)(6) and (9) of the Bankruptcy Code. See Id. at ¶¶ 11, 13; see also 11 U.S.C. § 523 (a)(6) & (9).[2] Debtor filed a motion to dismiss for failure to state a claim. Creditor opposed the motion to dismiss and requested leave to file an Amended Complaint.[3] The Bankruptcy Court granted Debtor's motion to dismiss, concluding that Creditor's Complaint "fail[ed] to allege facts that would give rise to a viable claim that . . . [Debtor] purposefully drove his automobile while intoxicated to inflict injury to [Creditor's] property, or that he acted in such a manner that he was substantially certain that injury would result," and thus, that the Complaint failed to state a claim upon which relief could be granted.

---

[1]     Debtor does not dispute these facts.
[2]     As discussed infra in this Opinion, § 523(a)(6) and (9) provide for exceptions to the discharge of debt under the Bankruptcy Code for debts arising from certain types of conduct.
[3]     Creditor attached an affidavit to its opposition to Debtor's motion to dismiss setting forth the additional facts that would be included in its Amended Complaint.

2

Bankr. Order May 31, 2012, at 4.  In dismissing Creditor's Complaint, the Bankruptcy Court did not rule on Creditor's request for leave to file an Amended Complaint.[4]  See Id.; Bankr. Tr., April 23, 2012.  Creditor then filed a motion to reconsider or in the alternative for leave to file an Amended Complaint, attaching a proposed Amended Complaint to the motion that incorporated the facts set forth in the affidavit attached to Creditor's previously filed opposition papers.  The Bankruptcy Court denied Creditor's motion on July 18, 2012, holding that the filing of the Amended Complaint would be futile.  Creditor now appeals from the Bankruptcy Court's denial of reconsideration and leave to file an Amended Complaint.

## II.    STANDARD OF REVIEW

"The proper standard of review to be applied by a district court when reviewing a ruling of a bankruptcy court is determined by the nature of the issues presented on appeal." In re Beers, Docket No. 3:09-CV-01666, 2009 WL 4282270, 3 (D.N.J. Nov. 30, 2009) (quoting Baron & Budd, P.C. v. Unsecured Asbestos Claimants Committee, 321 B.R. 147, 157 (D.N.J. 2005).  A district court reviews "the bankruptcy court's legal determinations de novo, its factual findings for clear error and its exercise of discretion for abuse thereof."  In re United Healthcare System, Inc., 396 F.3d 247, 249 (3d Cir. 2005) (quoting In re Trans World Airlines, Inc., 145 F.3d 124, 130-31 (3d Cir. 1998)).

---

[4]    At the April 23, 2012 hearing, the Bankruptcy Court also granted Debtor's motion to dismiss as to Creditor's claim brought under 11 U.S.C. § 523(a)(9).  In neither the motion for reconsideration before the Bankruptcy Court nor the instant appeal before this Court does Creditor raise any argument concerning its claim under § 523(a)(9), although that claim does reappear in Creditor's proposed Amended Complaint.  Accordingly, the Court limits its analysis in this Opinion to Creditor's claim under § 523(a)(6).  In any event, I note that the Bankruptcy Court did not err in dismissing Creditor's claim under § 523(a)(9).  That section of the Bankruptcy Code only applies to claims arising from "death or personal injury caused by the debtor's operation of a motor vehicle . . . such operation was unlawful because the debtor was intoxicated from using alcohol."  11 U.S.C. § 523(a)(9).  The Bankruptcy Court properly concluded that Creditor did not allege that it suffered from any death or personal injury in connection with the 2010 accident.

"As a general matter, [I] review the [Bankruptcy C]ourt's denial of leave to amend for abuse of discretion. . . . Federal Rule of Civil Procedure 15(a) provides that 'leave [to amend] shall be freely given when justice so requires.'" In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997). In that connection, the Supreme Court has set parameters defining a court's discretion, explaining that "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of that discretion; it is merely an abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962). Simply put, a court must provide a reason for its denial of leave to amend, and "[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Sec. Litig., supra, 114 F.3d at 1435 (quoting Foman, supra, 317 U.S. at 182).

### III.  DISCUSSION

Before proceeding to the merits of Creditor's appeal, I set forth the substantive law underlying this matter. Creditor's original Complaint, proposed Amended Complaint, and, thus, the issue on appeal, implicate § 523(a)(6) of the Bankruptcy Code, which provides an exception to the dischargeability of debt. Under § 523(a)(6), a debtor will not be discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). Injury is "willful and malicious" within the meaning of § 523(a)(6) when an actor purposefully inflicts the injury or acts in such a manner that he is substantially certain that injury will result. In re Conte, 33 F.3d 303, 307 (3d Cir. 1994). Further, non-dischargeability pursuant to § 523(a)(6) requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. See Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998); In re Conner, 302 B.R. 509, 514 (Bankr. W.D. Pa. 2003) ("The phrase

4

'willful and malicious' modifies the word 'injury'. This implies that § 523(a)(6) requires a deliberate or intentional injury, not a deliberate or intentional act that merely happens to result in injury." (citing Kawaauhau, supra, 523 U.S. at 61)).  Put differently, "[d]ebts arising from recklessly or negligently inflicted injuries do not fall within the compass of § 523(a)(6)." Kawaauhau, supra, 523 U.S. at 64.  I note further that in assessing whether a particular debt is non-dischargeable, courts must narrowly construe the discharge exceptions in § 523(a) in favor of the debtor, given that the underlying policy of the Code is to afford the debtor a "fresh start." In re Miller, 156 F.3d 598, 602 (5th Cir. 1998); In re Hawkins, 231 B.R. 222, 228 (D.N.J. 1999). With this statutory framework in mind, I turn to Creditor's claim on appeal.

The instant appeal concerns the Bankruptcy Court's decision to dismiss Creditor's Complaint and deny Creditor leave to file an Amended Complaint.  The essence of Creditor's appeal is that the Bankruptcy Court abused its discretion in denying Creditor leave to amend on futility grounds because the Bankruptcy Court improperly concluded that Creditor's proposed Amended Complaint failed to state a claim upon which relief could be granted.  Creditor contends that the additional factual allegations in its proposed Amended Complaint sufficiently state a claim under § 523(a)(6) of the Bankruptcy Code, remedying the deficiency present in its original Complaint.  To be sure, Creditor does not argue, now or in its proceedings before the Bankruptcy Court, that the Bankruptcy Court improperly dismissed its original Complaint for failure to state a claim under § 523(a)(6).  Indeed, review of Creditor's opposition to Debtor's motion to dismiss Creditor's original Complaint reveals that Creditor's argument relied wholly on the new factual allegations to be included in its Amended Complaint.  Instead, Creditor

focuses the entirety of its argument on the new allegations contained in its proposed Amended Complaint, contending that these facts are sufficient to withstand a motion to dismiss.[5]

An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Sec. Litig., supra, 114 F.3d at 1434. In determining whether an amendment is futile, the Court applies the same standard of legal sufficiency as applied under Fed. R. Civ. P. 12(b)(6). Id. Pursuant to Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in a light most favorable to plaintiff, plaintiff is not entitled to relief. Maio v. Aetna, Inc., 221 F.3d 472, 481 (3rd Cir. 2000). Accordingly, if a plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency. Id. Thus, the sole issue on this appeal is whether the Bankruptcy Court properly determined that it would be futile to grant leave to Creditor to file its proposed Amended Complaint on the basis that it did not contain factual allegations sufficient to survive a motion to dismiss.

Because Creditor's argument turns on the differences between its original Complaint and its proposed Amended Complaint, I first review the Bankruptcy Court's decision to dismiss Creditor's original Complaint. In that decision, the Bankruptcy Court rejected Creditor's argument that Debtor had the intent required by § 523(a)(6) to render Creditor's claim against Debtor non-dischargeable. According to the Bankruptcy Court, the Adversary Complaint

---

[5] In that connection, I note that Creditor's appellate brief identifies eight separate issues on appeal. Review of these eight issues reveals they all concern the same ultimate issue: whether the Bankruptcy Court properly denied Creditor's request for leave to file an Amended Complaint. Moreover, I also note that Creditor's arguments on appeal track the arguments made before the Bankruptcy Court in regard to its motion for reconsideration – indeed, the appellate brief and the motion for reconsideration brief are virtually identical.
    Similarly, I note that Debtor essentially relies on the reasoning set forth in the Bankruptcy Court's orders and opinions in opposing Creditor's appeal.

"fail[ed] to allege facts that would give rise to a viable claim that the [Debtor] purposefully drove his automobile while intoxicated to inflict injury to [Creditor's] property, or that he acted in such a manner that he was substantially certain that injury would result." Bankr. Order May 31, 2012, at 4.  The Bankruptcy Court then explained that it found "no basis as a matter of law to conclude that the [Debtor's] deliberate act of operating a vehicle while intoxicated equates with the requisite intent to cause injury." Id.

Creditor effectively concedes the deficiency of its original Complaint, and argues instead that additional facts in its proposed Amended Complaint demonstrate the requisite intent under § 523(a)(6) sufficient to withstand a motion to dismiss.[6]  Specifically, Creditor identifies several factual allegations introduced in its proposed Amended Complaint regarding a prior and unrelated 1997 motor vehicle accident involving Debtor – namely, that Debtor had been driving under the influence at the time of the accident and that the accident resulted in property damage.[7]  Am. Compl. at ¶¶ 15-16.  The crux of Creditor's argument is that even if drunk driving alone is not within the scope of § 523(a)(6), Debtor's prior history of a drunk driving accident resulting

---

[6] Specifically, Creditor alleged that Debtor's 2010 drunk driving accident was Debtor's second accident involving alcohol and the operation of a motor vehicle; Amend. Compl. at § 15; that Debtor had rear-ended a parked car in a Seaside Heights, New Jersey parking long in 1997; Id. at ¶ 16; that breathalyzer tests following the 1997 accident revealed Debtor had a blood alcohol content of 0.16% , two times the legal limit; Id. at ¶ 17; that Debtor was issued several summonses in connection with the 1997 accident; Id. at ¶ 18; and, although inartfully pled, that Debtor knew or should have known, based on this 1997 accident, that consuming of alcohol and operating a motor vehicle in 2010 would cause damage to Creditor's property. Id. at ¶ 19. Creditor's proposed Amended Complaint also alleges that Debtor was fired from his employment following his 2010 accident due to his consumption of alcohol while working. See Id. at ¶¶ 10-11.  This fact, however, is largely irrelevant to Creditor's argument that Debtor had a history of drunk driving accidents.  Moreover, all the additional relevant facts in the proposed Amended Complaint concern the facts surrounding Debtor's 1997 drunk driving accident.

As noted previously, Creditor first attempted to introduce these facts in an affidavit to its Brief in Opposition to Debtor's Motion to Dismiss before the Bankruptcy Court.  The relevant facts in this affidavit track the additional facts included in the proposed Amended Complaint.

[7] However, during the April 23, 2012 oral argument, Creditor's attorney stated that the 1997 accident did not result in property damage. See Bankr. Tr., April 12, 2012, at 5.

in property damage is sufficient to demonstrate for the purpose of a motion to dismiss that Debtor knew or should have known that the injury to Creditor's property was substantially certain to result from driving while intoxicated, and thus within the scope of § 523(a)(6).

Creditor's argument is misplaced.  To begin, the record clearly indicates that the Bankruptcy Court applied the proper standard in deciding Creditor's motion and focused on the new facts introduced in Creditor's proposed amended complaint in denying leave to amend.  See Bankr. Tr., July 16, 2012, at 2.  The Bankruptcy Court expressly stated "[t]he Court is not persuaded that the additional facts would change the Court's perspective."  Id.  Thus, it is clear that the Bankruptcy Court exercised its discretion properly by (1) reviewing Creditor's proposed Amended Complaint and (2) determining that the new factual allegations were insufficient to state a claim under § 523(a)(6).  The Bankruptcy Court applied the correct motion to dismiss standard in denying Creditor leave to amend on the basis of futility.  See In re Burlington Coat Factory Sec. Litig., supra, 114 F.3d at 1434.  There was no abuse of discretion in this regard.

Moreover, the Bankruptcy Court also properly determined that, even in light of Debtor's prior drunk driving accident, Creditor would be unable to show that Debtor had the requisite knowledge or belief to fall within the exception to dischargeability in § 523(a)(6).  The Bankruptcy Court first narrowed Creditor's claim to the specific conduct at issue: whether the Debtor acted in such a manner that he was substantially certain that injury to Creditor's property would result.  This is the correct analytical focus for a court in deciding whether an act falls within the scope of § 523(a)(6).  See Kawaauhau v. Geiger, supra, 523 U.S. at 61 (holding that nondischargeability under § 523(a)(6) "requires a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury"); In re Groff, 301 B.R. 644 (Bankr. D.N.J. 2003) (holding that even where death resulted from willful and intentional act, death itself was not

8

intended and thus § 523(a)(6) was not satisfied); In re Edwards, 212 B.R. 245, 247 (Bankr. E.D. Pa. 1997) (focusing on creditor-plaintiff's property); In re Conte, supra, 33 F.3d at 307.[8]

The Bankruptcy Court then concluded that Debtor's prior accident simply did not impact whether injury to Creditor's property was substantially certain to result from Debtor's drunk driving. See Bankr. Tr., July 16, 2012, at 2. Indeed, "[t]here is no evidence that [Debtor] had any sort of purpose of injuring [Creditor's property]. Similarly, there is no evidence to rebut the intuitive notion that many drunk drivers avoid accidents despite their inebriation, and hence that drunk driving is not, in and of itself, 'substantially certain' to produce injury." In re Edwards, supra, 212 B.R. at 247 (citing In re Conte, supra, 33 F.3d at 307). This Court therefore agrees with the Bankruptcy Court's conclusion that there cannot be "any showing that [the requisite] knowledge or belief would be demonstrated, even in light of a prior incident, which certainly doesn't . . . have an impact on upon whether once again entering a vehicle while intoxicated it is reasonably certain to hit a specific pole or to hit any pole, hit a wide variety of buildings or objects, but not necessarily a pole."[9] Bankr. Tr., July 16, 2012, at 4. The Third Circuit's

---

[8] Creditor appears to argue in its appellate brief that the Bankruptcy Court incorrectly relied on In re Edwards, when it should have applied the standard set forth in In re Conte. As the above discussion makes clear, In re Edwards tracks the standard set forth in In re Conte and thus Creditor's argument is unavailing.

[9] In this regard, the Bankruptcy Court appeared to employ what has been referred to as the "objective approach" to determining whether there was a substantial certainty that an injury would occur. This objective approach has been accepted by the Third Circuit.

> Following the Supreme Court's decision in Kawaauhau v. Geiger, [523 U.S. 57 (1998),] the Third Circuit referred to its pre-Kawaauhau decision in Conte in adopting what could be termed an objective approach. See In re Granoff, 250 F. App'x 494, 495-96 (3d Cir.2007) ("A debtor's actions are willful and malicious under § 523(a) (6) 'if they either have a purpose of producing injury or have a substantial certainty of producing injury.'"). Prior to In re Granoff, bankruptcy courts in this District also looked to Conte, and predicted the Third Circuit would most likely adopt the objective approach.

9

decision in In re Conte, supra, 33 F.3d at 307, makes clear that even deliberate conduct coupled with knowledge of a high probability of harm is insufficient to show substantial certainty of an act if the specific harm was not intended.  In this case, Creditor would have to allege not only that Debtor had a history of drunk driving accidents involving property damage, but that when he entered his car drunk in 2010, he did so either (1) the intent to cause damage to or (2) because he was substantially certain he would cause damage to Creditor's utility pole.  See id.  ("[Section 523(a)(6) require[s] that the debtor ha[s] engaged in conduct more culpable than taking a deliberate action that had a high probability of producing harm.").  The proposed Amended Complaint contains no such allegations.  In sum, Creditor's argument that a prior and unrelated drunk driving accident makes it substantially certain that Debtor had the purpose of injuring Creditor's property is unsupported by case law.  Thus, the Bankruptcy Court properly concluded that it would be futile to grant Creditor leave to file its proposed Amended Complaint because the addition of facts relating to Debtor's prior drunk driving accident did not change the analysis under § 523(a)(6). [10]

In conclusion, the record demonstrates that the Bankruptcy Court (1) considered Creditor's proposed Amended Complaint; (2) determined that Debtor's prior accident did not increase the likelihood that injury to Creditor's property was substantially certain to result from

---

In re Singer, Civ. No 10-00045 FLW, 2010 WL 3732944, at *6 n.1 (D.N.J. Sept. 17, 2010).  In any event, Creditor has not argued on this appeal that the Bankruptcy Court employed the wrong standard in this regard, only that the Bankruptcy Court failed to meaningfully consider the facts in its proposed Amended Complaint.  Moreover, there is no allegation in either Creditor's Complaint or proposed Amended Complaint, and there is no argument before the Bankruptcy Court or this Court, that Debtor subjectively intended to cause injury to Creditor's utility pole.  See In re Larson, BKR 08-10201, 2009 WL 2144079, at *5 (D.N.J. July 14, 2009) ("Most courts interpreting [Kawaauhau] have found that willfulness requires that the act have been 'voluntary,' and 'deliberate or intentional' and must have been directed to causing the 'injury' which is the focus of the § 523(a)(6) action.").

[10]  For the same reason, I also reject Creditor's argument that additional discovery is necessary.

Debtor's drunk driving, a determination clearly supported by Third Circuit authority; see In re Conte, supra, 33 F.3d 303; (3) applied the proper standard in determining that it would be futile to grant Creditor leave to file its proposed Amended Complaint; and, therefore, (4) properly exercised its discretion in denying Creditor leave to amend.  Thus, I conclude that the Bankruptcy Court did not err or abuse its discretion.

**CONCLUSION**

For the reasons set forth above, the Court concludes that the Bankruptcy Court did not abuse its discretion in denying Creditor's motion for reconsideration and leave to amend its Complaint.  Accordingly, the Court AFFIRMS the Bankruptcy Court's orders.

Dated:  February 20, 2013                               /s/ Freda L. Wolfson
                                                        Freda L. Wolfson, U.S.D.J.